# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEVIN MOSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-CV-297 ACL |
| IAN WALLACE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). The Court will issue process on the defendants. However, plaintiff's official-capacity claims are dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

On April 2, 2014, another inmate threw a hot, liquid substance onto plaintiff's face, neck, chest, and arms, causing first and second degree burns. He alleges that each of the defendants had direct knowledge of the injuries but refused to provide him with any medical treatment. He suffered permanent injuries, including disfigurement and vision loss.

## Discussion

The complaint states a plausible claim for relief against the defendants in their individual capacities. As a result, the Court will order the Clerk to serve process on the complaint.

Plaintiff's official-capacity claims must be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State*

2

*Police*, 491 U.S. 58, 71 (1989). Plaintiff's official-capacity claims against the Missouri Department of Corrections' defendants are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). And plaintiff's official-capacity claims against the Corizon defendants are frivolous because he has not alleged that an official policy or custom of Corizon was responsible for his injuries. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on the complaint.[1]

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

Dated this 3rd day of August, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[1] Defendants Ian Wallace, Bill Stange, Mina Massey, and George Lombardi should be served in accordance with the Court's waiver agreement with the State of Missouri. The remaining defendants should be served according to its agreement with Corizon, Inc.