UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEVIN MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-297 RLW |
| | ) | |
| IAN WALLACE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants George Lombardi, Paula Reed, Bill Strange, and Ian Wallace's motion to dismiss. Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the Court will deny defendants' motion.

### Background

On December 27, 2016, plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed his complaint under 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges that on April 2, 2014, another inmate threw a hot, liquid substance onto plaintiff's face, neck, chest, and arms, causing first and second degree burns. He alleges that each of the defendants had direct knowledge of the injuries but refused to provide him with any medical treatment. He suffered permanent injuries, including disfigurement and vision loss.

After initial review under 28 U.S.C. § 1915, the Court issued process on all defendants. Defendants Eddie Hartline, David Helman, Tiffany Johnson, Brandi Juden, Mina Massey, Donna Spaven, and Greeneen Wilhite (the "medical defendants") have filed an answer. Defendants George Lombardi, the former director of Missouri Department of Corrections ("MDOC"); Ian Wallace, the former Warden of SECC; Paula Reed, the Assistant Warden of SECC, and Bill

Strange, the Deputy Warden of SECC (the "prison official defendants") have filed the instant motion to dismiss plaintiff's claims.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. *See also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## Discussion

The prison official defendants move to dismiss plaintiff's complaint, stating they did not personally violate plaintiff's constitutional rights and therefore cannot be held liable under § 1983. They state that other than alleging they failed to supervise or correct the medical defendants, whom plaintiff alleges provided inadequate medical care, plaintiff has made no other allegations against the prison official defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution. *Id.*

The Court disagrees with the prison official defendants, and will deny their motion to dismiss. Plaintiff alleges the prison official defendants were immediately notified about the incident, personally observed the seriousness of plaintiff's injuries, and did not authorize any immediate medical treatment or transfer plaintiff to the infirmary. Instead, the prison officials allowed plaintiff to be taken to a restrictive housing unit where he remained for three days without appropriate medical care. Viewing these facts in the light most favorable to plaintiff, the Court finds plaintiff has alleged a plausible claim of Eighth Amendment violations against the prison official defendants. Plaintiff alleges these defendants bore personal responsibility for his lack of medical treatment.

Additionally, the Court denies defendants' motion to dismiss on qualified immunity grounds. At this stage in the proceeding, plaintiff has alleged a violation of a constitutional right that was clearly established such that a reasonable official would have known that his actions were unlawful. Because plaintiff has alleged defendants Lombardi, Reed, Strange, and Wallace were personally involved in his alleged constitutional violations, and because these Eighth Amendment violations were clearly established such that a reasonable official would have known his actions were unlawful, the Court will deny defendants' motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant George Lombardi, Paula Reed, Bill Strange, and Ian Wallace's motion to dismiss is **DENIED**. [ECF No. 20]

Dated this 18th day of December, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE