UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEVIN MOSLEY, | ) |
| | ) |
| Plaintiff, | ) No. 1:16-CV-297 RLW |
| | ) |
| v. | ) |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 30) and Plaintiff's Motion for Summary Judgment (ECF No. 42). These matters are fully briefed and ready for disposition.[1]

## BACKGROUND

Plaintiff Devin Mosley ("Mosley") is an offender in the Missouri Department of Corrections ("MDOC") and is currently incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri. (Statement of Uncontroverted Material Facts in Support of Defendants' Motion for Summary Judgment ("DSUMF"), ECF No. 32, ¶1). Defendant George Lombardi was the director of MDOC until he resigned from that position in 2016. (DSUMF, ¶3). Defendant Paula Reed is the Assistant Warden of SEC. (DSUMF, ¶4). Defendant Bill Stange is the Deputy Warden of SECC. (DSUMF, ¶5). Defendant Ian Wallace is the former Warden of SECC. (DSUMF, ¶6). Medical services provider, Corizon Health ("Corizon"), was under

---

[1] Plaintiff did not oppose Defendants' Motion for Summary Judgment but filed his own Motion for Summary Judgment, which the Court also construes as an opposition to Defendants' Motion for Summary Judgment.

contract with MDOC to provide medical services at SECC at all times pertinent to the litigation (DSUMF, ¶7).

On April 2, 2014, SECC prison custody staff noticed that Mosley had been injured and notified medical staff. (DSUMF, ¶11). On April 2, 2014, Mosley was assessed by a nurse who noted Mosley had several burn areas on his face, neck, and chest. (DSUMF, ¶12).[2] The nurse contacted the site practitioner. (*Id.*). Orders were received to clean the burn areas twice a day, apply silvadene, and cover with non-stick tefla for 10 days. (*Id.*). Tylenol was also ordered for pain, as needed. (*Id.*).

Mosley's scheduled dressing changes on April 3, 2014 did not occur. (DSUMF, ¶13).[3] On April 4, 2014, Family Nurse Practitioner (FNP) Hill admitted Mosley to the Infirmary due to his infection risk. (*Id.*). On April 17, 2014, Dr. Massey discharged Mosley from the Infirmary. (DSUMF, ¶14). Mosley was reported to "have done very well while in the infirmary so that he was released from the Infirmary on April 17, 2014." (DSUMF, ¶18). Dr. Massey noted that Mosley's burns "were healing well and ordered daily dressing changes for lesions that were still open." (DSUMF, ¶14). The last documented dressing change of Mosley's wounds occurred on April 23, 2014. (DSUMF, ¶15).

On April 14, and July 14, 2014, Mosley "was evaluated by the optometrist for complaints of blurred vision following the alleged assault; no corneal/conjunctival damage was noted during these encounters." (DSUMF, ¶16).

---

[2] An inmate allegedly threw hot water on Mosley.
[3] Brandi Juden, RN Health Service Administrator, apologized to Mosley because the dressing changes had not been completed on April 3, 2014. Juden stated that they "have addressed the issue with the appropriate staff. Measures have been taken to ensure this concern does not happen in the future. Thank you for bringing this to our attention." (DSUMF, ¶17).

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## B. Discussion

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class,* 236 F.3d 413, 417 (8th Cir.2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)); *see also Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006) ("Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment."). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir.2006). The objective component requires the plaintiff to show he was suffering from an objectively serious medical need. *E.g., Grayson v. Ross,* 454 F.3d 802, 808 (8th Cir.2006); *Moore v. Jackson,* 123 F.3d 1082, 1086 (8th Cir.1997) *(per curiam).* The subjective component requires the plaintiff to show the defendant actually knew of, but disregarded, that need. *E.g., Krout v. Goemmer,* 583 F.3d 557, 568 (8th Cir.2009); *Grayson,* 454 F.3d at 808–09. The plaintiff "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted); *Schaub v. VonWald,* 638 F.3d 905, 915 (8th Cir. 2011); *Gordon ex rel. Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006) ("The subjective inquiry must show a mental state akin to criminal recklessness: disregarding a known risk to the inmate's

health."). This is an "onerous standard," *Thompson v. King,* 730 F.3d 742, 747 (8th Cir.2013), requiring a prisoner to "clear a substantial evidentiary threshold," *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir.2010). Moreover, because "[l]iability for damages for a federal constitutional tort is personal, ... each defendant's conduct must be independently assessed." *Heartland Acad. Cmty. Church v. Waddle,* 595 F.3d 798, 805–06 (8th Cir. 2010).

The Court grants summary judgment in favor of Defendants because there is no evidence that Defendants were personally involved in the April 2, 2014 incident when Mosley was injured or involved in his medical treatment by Corizon.

In his Motion for Summary Judgment, Mosley argues that Defendant Wallace was notified that another offender threw hot water on Mosley, personally observed Mosley's injuries, but did not immediately authorize treatment or transfer of Mosley to the Infirmary. (ECF No. 42 at 2). Mosley states "Defendant Wallace knew about [Mosley's] serious needs and disregarded them by telling him to talk to his case worker, when addressing his concerns about the lack of treatment." (ECF No. 42 at 3). Mosley contends "Defendant Wallace had direct knowledge of the injuries as he saw them first hand with his own eyes but refused to instruct medical to aid plaintiff with his serious issues." (ECF No. 42 at 4).

However, the evidence before the Court demonstrates that Defendants were not personally involved in the April 2, 2014 incident or in the medical treatment decisions. Defendant Lombardi is the former director of the MDOC. He did not work at SECC, has no involvement or knowledge of the April 2, 2014 incident, and has no personal knowledge of the medical treatment provided to Mosley. Defendant Paula Reed is the Assistant Warden at SECC. Defendant Reed did not witness the April 2, 2014 incident. Defendant Reed avers that Mosley's confinement form shows that on April 2, 2014, Mosley was medically assessed by LPN

Annessor, a Corizon employee, but Defendant Reed has no personal knowledge regarding Mosley's treatment. Defendant Bill Stange is the Deputy Warden at SECC. Defendant Stange did not witness the April 2, 2014 incident. Defendant Stange has no personal knowledge regarding Mosley's treatment by Corizon. Defendant Ian Wallace was the Warden for SECC in 2014. Defendant Wallace was not present at the April 2, 2014 incident, but he would have been notified of the altercation. Defendant Wallace notes that correctional officers alerted Corizon medical staff when they discovered Mosley's injuries. Defendant Wallace has no personal knowledge regarding Corizon's treatment of Mosley. Nothing in the record shows that Defendants intentionally denied or delayed Mosley's access to medical care or that they were involved in any treatment decisions. Mosley's deliberate indifference claims against Defendants fail because Eighth Amendment liability cannot be established solely on a theory of respondeat superior. Mosley alleges that Defendants acted with deliberate indifference when they did not respond to Mosley's complaints of inadequate medical care. As a non-medical professional Defendants are not personally liable for his medical staff's treatment decisions, *see Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir.2002), and Defendants cannot be held vicariously liable for medical professionals' actions. *See Beaulieu v. Ludeman,* 690 F.3d 1017, 1024 (8th Cir.2012), (citing *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995)) (plaintiff alleging deliberate indifference under § 1983 must specify how defendants were personally involved in, or had direct responsibility for, incidents that injured him); *Kenyon v. Dooley,* 605 F. App'x 581, 582–83 (8th Cir. 2015).

In addition, Mosley has failed to identify how his medical treatment was deficient. The medical records confirm that MDOC custody staff obtained medical care for Mosley on April 2, 2014. Two days later, on April 4, 2014, medical staff placed Mosley in the Infirmary "to

monitor for signs of infections." Mosley did well and was released from the Infirmary on April 17, 2014. Further, he has not shown that his injuries were exacerbated due to Defendants' deliberate indifference. *Kenyon v. Dooley*, 605 F. App'x 581, 582 (8th Cir. 2015) (affirming summary judgment on Eighth Amendment claim where "there is no evidence that the delay in providing the occupational therapy recommended by his surgeon resulted in preventable harm"); *Moots v. Lombardi,* 453 F.3d 1020, 1023 (8th Cir.2006) (inmate claiming deliberate indifference based on delay in treatment must allege that delay caused harm); *cf. Schaub*, 638 F.3d at 921 (official's deliberate indifference clearly exacerbated inmate's wounds). At most, Mosley has alleged some minor negligence due to his bandages not being changed on April 4, 2014. However, negligence is not sufficient to state a claim under the Eighth Amendment for deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Webb v. Hedrick*, 409 F. App'x 33, 34–35 (8th Cir. 2010) (negligence alone is not actionable under the Eighth Amendment).

Finally, the Court holds that Defendants are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary actions from liability in a § 1983 action unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Meloy*, 302 F.3d at 848 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To be clearly established, a right's contours must be clear enough that a reasonable official would understand his or her conduct was unconstitutional. *Meloy*, 302 F.3d at 848; *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002). Mosley is unable to show that Defendants' conduct violated a clearly established constitutional right because Mosley has not presented any evidence that Defendants were personally involved in Mosley's medical treatment.

The Eighth Circuit has previously laid out the requiments for supervisory liability under the Eighth Amendment:

> We have held a supervisor is only liable "for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995)(footnote omitted). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." *Id.* (internal quotation marks omitted). Likewise, other courts have stated supervisory officials are liable under § 1983 only if they fail promptly to provide an inmate with needed medical care, they deliberately interfere with the prison doctors' performance, or they tacitly authorize or are indifferent to the prison doctors' constitutional violations. *E.g., Miltier v. Beorn,* 896 F.2d 848, 854 (4th Cir.1990). A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions. *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995). Prison officials cannot substitute their judgment for a medical professional's prescription. *Zentmyer v. Kendall County,* 220 F.3d 805, 812 (7th Cir.2000).

*Meloy*, 302 F.3d at 849.

As previously discussed, Defendants were all wardens and administrators. Mosley has not provided any evidence to support a finding that Defendants failed to provide for treatment for Mosley, interfered with Mosley's treatment, or allowed prison doctors' constitutional violations. Rather, all records indicate that Defendants were not involved in any medical decisions, and that Mosley's medical treatment was within constitutional treatment standards. Because the law was not clearly established that Defendants were deliberately indifferent to Mosley's serious medical needs, Defendants are entitled to qualified immunity. *Meloy*, 302 F.3d at 849 (administrators were entitled to qualified immunity because they were not personally involved in any Eighth Amendment violation).

Having found no constitutional violations and that Defendants are entitled to qualified immunity, the Court grants summary judgment in favor of Defendants and denies Plaintiff's Motion for summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 30) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 42) is **DENIED**.

An appropriate Judgment is filed herewith.

Dated this 6th day of March, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**